GEORGE L. MILES ET AL v. TRUSTEES OF ELIZABETHTOWN.

**Injunction Against Municipality to Stay Proceedings.**
> Injunction cannot be maintained against a municipality to stay proceedings under a charter or other law, for the purpose of giving time to get it repealed or abrogated.

**Same.**
> Nor to prohibit the local government of a town from proceeding to collect taxes, according to its charter, on the apprehended reason that the money when collectd will be misappropriated or incorrectly used.

APPEAL FROM HARDIN CIRCUIT COURT.

November 22, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

By an act of the legislature, to repeal the charter and reincorporate the town of Elizabethtown, approved February 28, 1868, the trustees of said town were empowered to levy and collect a tax not exceeding one dollar on each one hundred dollars worth of property in said town (except lands used for horticultural or agricultural purposes) taxable under the revenue laws of the State.

This suit was brought by the appellants in July, 1869, setting forth in their petition that they were property owners and taxpayers of the town; that the defendants, the trustees, had fraudulently and for purpose of speculation and personal aggrandizement, procured the passage of said act of reincorporation, by

which the boundaries of the town were greatly enlarged, and power was conferred on said trustees to open new streets and alleys, and extend those already established, and cause them to be graded, paved or otherwise improved; and to procure an engineer or surveyor to survey and fix a grade for the streets and prepare a map of the same. And that they had unnecessarily levied an exorbitant tax of 30 cents on each $100 worth of taxable property in said town, which they were then proceeding to collect, and intended to use when collected to enhance the value of their own property, and otherwise benefit themselves by opening, grading and improving a street called Maple street, which was not rendered necessary by the population, growth or business of the town; and by opening another street which was not needed and would greatly damage the property of certain individuals; and by causing expensive maps and profiles of the town, as enlarged, to be made, to be used in deceiving persons at a distance in relation to the supposed growth of the town, for selfish purposes of some of the defendants.

Wherefore, they prayed an injunction restraining the defendants,

First, from acting under said act of reincorporation at all, until the people of the town could be allowed by the act of the legislature, to vote for the adoption or rejection of the charter, and if this could not be done then,

Second, from collecting any tax for the purpose of grading said Maple or other streets; and from grading or repairing said streets at the expense of the tax payers of the town; and from collecting any tax to be used in paying for said survey and map of the town, and,

Third, from collecting any tax whatever beyond what the defendants might show to be absolutely necessary for the good government of the town.

Afterwards, upon a notice to the defendants disclosing substantially the same grounds stated in the petition for an injunction, the plaintiffs moved the court to grant an injunction staying the collection of taxes under said assessment. And before the decision of this motion, the defendants filed a demurrer to the petition; and the matters of law arising on the demurrer seem to have been considered by the court, together with said motion; and in the same order the court overruled the motion and sustained the

demurrer. . And the plaintiffs not pleading further, their petition was dismissed, and they have appealed from that judgment.

We are aware of no authority for an injunction to stay proceedings under a charter or other law for the purpose of giving time to get it repealed or abrogated. Nor to prohibit the local government of a town or city from proceeding to collect taxes according to its charter, merely for the apprehended reason that the money when collected will be misappropriated or incorrectly used, nor to compel an assurance in advance, that such money when collected will not be wrongfully expended.

Whatever cause may exist for suspecting corruption or mismanagement by constituted authorities, we do not think the remedy by injunction authorized upon such a state of facts as is set forth in the petition in this case.

It seem to us, therefore, that the court properly dissolved the injunction, and adjudged the petition insufficient on demurrer.

Wherefore, the judgment is *affirmed*.

*Wilson, for appellant.*

*Cofer & Marriott, for appellee.*